*filed in open Court this 10th day of April, 2007*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal Action No. 06-126-JJF |
| ) | |
| EDDY LORA, a.k.a. Luis Perry ) | |
| ) | |
| Defendant. ) | |

FILED

APR 10 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorney, Robert F. Kravetz, Assistant United States Attorney for the District of Delaware, with the consent and knowledge of Colm F. Connolly, United States Attorney for the District of Delaware, and the defendant, Eddy Lora, a.k.a. Luis Perry, by and through his attorney, Eleni Kousoulis, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant shall plead guilty in the United States District Court for the District of Delaware to Count One of the Indictment, which charges him with illegal reentry following an order of removal subsequent to an aggravated felony conviction, in violation of 8 U.S.C. § 1326(a) & (b)(2). The maximum penalties for Count One are twenty years imprisonment, a $250,000 fine, three years of supervised release, and a $100.00 special assessment.

2. The defendant understands that if there were a trial, the Government would have to prove beyond a reasonable doubt the following essential elements of the offense: (1) the defendant is an alien; (2) the defendant was removed from the United States; (3) the defendant thereafter was

found in the United States; (4) without having obtained permission from the Attorney General or the Secretary of Homeland Security to reapply for admission to the United States.

3. The Government represents to the defendant its belief that the defendant's conviction for criminal sale of a controlled substance, in violation of Section 220.39 of the New York State Penal Law, prior to his removal from the United States, was an "aggravated felony offense" as defined in 8 U.S.C. 1101(a)(43)(B).

4. The defendant understands that at sentencing the Court must consider the United States Sentencing Guidelines and take them into account in exercising its discretion to determine the appropriate sentence and must also consider the other factors bearing on an appropriate sentence pursuant to 18 U.S.C. § 3553(a).

5. The United States represents to the defendant that, based on the information available, the United States believes that his offense level (before acceptance of responsibility) should be 24. That offense level calculation utilizes a base offense level of 8 (U.S.S.G. § 2L1.2(a)), which is increased 16 levels because defendant previously was removed from the United States after a conviction for a felony that is a drug trafficking offense for which the sentence imposed exceeded 13 months. (U.S.S.G. § 2L1.2(b)(1)(A)).

6. The defendant understands that the Government will likely recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines. The defendant further understands that the final determination of the sentencing guidelines will be up to the sentencing judge. The defendant acknowledges that the Court is not bound by any agreement or stipulation between the parties, and, if the Court calculates the guidelines differently than he

expects, or contrary to any recommendation of his attorney or the United States, that he will not be allowed to withdraw his guilty plea.

7. Provided that the United States does not learn after the entry of the defendant's guilty plea of conduct by the defendant that is inconsistent with acceptance of responsibility, the United States agrees to recommend a three-level reduction in the defendant's sentencing guideline range pursuant to U.S.S.G. § 3E1.1(b).

8. The defendant agrees to pay the $100 special assessment the day of sentencing. Should he fail to do so, the Defendant agrees to enter voluntarily into the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program, through which the Bureau of Prisons will collect a portion of defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

9. The United States Attorney reserves the right to defend any ruling of the District Court should there be an appeal from this case.

10. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in a written document signed by all the parties; and, that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

COLM F. CONNOLLY<br>
United States Attorney

_____  
Eleni Kousoluis, Esquire  
Attorney for Defendant

_____  
Robert F. Kravetz  
Assistant United States Attorney

_____  
Eddy Lora, a.k.a. Luis Perry  
Defendant

Dated: April 10, 2007

      **AND NOW,** this ___10___ day of April 2007, the foregoing Memorandum of Plea Agreement is hereby (accepted) (~~rejected~~) by this Court.

_____  
Hon. Joseph J. Farnan, Jr.  
United States District Judge

4